19883

The FALCO CORPORATION, Plaintiff, v. ANDERSON NORGE-
TOWN, INC. et al., Defendant-Respondents, and Cecil E. Gilbert,
and James F. Gilbert, Jr., Defendant-Appellants.

(208 S. E. (2d) 40)

*Robert L. Waldrep, Jr., Esq.,* of Anderson, *for Defend-
ant-Appellants,*

*Austin C. Latimer, Esq.,* of *Younts, Reese and Cofield,* Greenville, *for Defendant-Respondents,*

August 28, 1974.

BRAILSFORD, Justice.

In 1970, R. H. Leggett and four associates, hereafter referred to collectively as Leggett, organized a corporation, Anderson Norgetown, Inc., hereafter Norgetown, to purchase and operate an automatic laundry and dry cleaning business in Anderson, South Carolina. Norgetown installed new Norge equipment purchased from Mid-South Machinery Company, Inc., a Norge distributor engaged in the business of selling such equipment and promoting the establishment and operation by others of laundromats in North and

South Carolina. The equipment was financed by The Falco Corporation, which took title to the equipment from Mid-South and leased it to Norgetown for four years at a monthly rental of $1,251.83 per month. Leggett guaranteed the payment of the installments. In the fall of 1971, becoming dissatisfied with operating results and unexpected demands on his time, Leggett offered the business to Mid-South in consideration of the latter's assumption of the balance due on the Falco lease. Mid-South took an option to purchase on these terms, and set about looking for a purchaser willing to assume the lease payments and to pay Mid-South a substantial additional sum. Upon finding a purchaser willing to buy on terms proposed by it, Mid-South took a bill of sale from Leggett and, in turn, as seller, on December 15, 1971, entered into a contract with James F. Gilbert, Jr. and his wife, as purchasers, whereby in consideration of the payment by the purchasers to Mid-South of $7,000.00 in cash, and their promise to pay to Mid-South in addition thereto five annual installments of $1,350.00, and the assumption by the purchasers of the balance of $32,-051.24 due on the Falco lease, Mid-South sold and conveyed the business and all of its assets to the Gilberts.

After paying the lease installments for January through April the Gilberts defaulted and have made no further payments. Falco sued Norgetown for the remaining lease installments, joining Leggett as guarantor. The Gilberts were brought in as defendants on Leggett's motion, but their motion to join Mid-South as a defendant was denied.

Falco has been awarded judgment against Leggett for the balance of $26,960.13 due on the lease and $5,000.00 attorney's fees, from which no appeal has been taken. This appeal is by the Gilberts from judgment against them in favor of Leggett in like amount by direction of the court. They did not appeal the refusal of their motion to join Mid-South. The only pleadings relevant to the appeal are Leggett's cross-complaint against the Gilberts and their answer and counterclaim against him.

Leggett's cross-complaint seeks indemnity from the Gilberts for any recovery against him as guarantor of payment of the lease installments to Falco. He sues as third-party beneficiary of the contract between the Gilberts and Mid-South whereby the Gilberts assumed these payments.

The first defense of the Gilberts' answer consists of admissions and denials which raise no issues on this appeal. Their counterclaim sounds in tort, alleging that Leggett employed Mid-South to sell the Anderson laundromat; that knowingly false representations were made by Leggett and by Thomas H. Coker, president of Mid-South, which were believed and relied upon by the Gilberts, and that as a result of fraud and deceit the Gilberts "were damaged by the loss of large sums invested in said business"; that the "equipment was incapable of performing and returning the profits as represented" by the sellers, including Leggett, Mid-South and Coker; that a defect in title exists because the transfer from Anderson Norgetown, Inc., was not signed by the corporation but only by its stockholders.

The last paragraph of the counterclaim, dated March 21, 1973, alleges that the Gilberts have sought to mitigate their loss by continuing to operate the equipment, but that they are losing approximately $1,000.00 per month.

At the conclusion of the evidence, the trial judge directed a verdict in favor of Leggett for the amount of Falco's recovery against him on the ground that the evidence did not raise an issue of fraud for the jury. The Gilberts' appeal is upon four exceptions which we dispose of *seriatim* below.

"1. The Trial Judge erred in directing a verdict against the Appellants for the reason that sufficient testimony and evidence created a reasonable inference of acts of fraud by the Respondent and Respondent's broker, and therefore the question of fraud and deceit was a question to be submitted to the jury."

The gravamen of the Gilberts' counterclaim is for damages for fraud and deceit by which, allegedly, they were

duped into purchasing the laundry business. The evidence establishes that the first contract between Leggett and the Gilberts was when he handed them the keys after the sale of the business to them by Mid-South had been closed. The Gilberts' claimed right to recover damages against Leggett is based squarely upon the theory that Mid-South acted as agent for Leggett in the sale of the business to them.[1] Therefore, the threshold question is whether the evidence raised a jury issue as to such agency. We think not.

Mid-South was in the business of selling Norge automatic laundry and dry cleaning equipment and of promoting the establishment and successful operation in its franchise territory of facilities using such equipment. When approached by Leggett, Mid-South did not accept employment as a broker to seek a purchaser willing to buy on the owner's terms. Instead, it took an option to buy the business, with the right to seek a purchaser on terms fixed by the optionee without accountability to Leggett, except to require the purchaser to pay or assume the Falco lease. The generation of a sale on these terms was in the course of Mid-South's own business and not as agent for Leggett. It is immaterial that Coker expressed uncertainty as to whether Mid-South's intervention was in the role of broker. The undisputed facts recited above negative the relationship of principal and agent.

"2. The Trial Judge erred in directing a verdict against the Appellants for the reason that sufficient testimony and evidence relating to unknown indebtedness (*sic*) against the business and the condition of the equipment was present to show a breach of warranty in the sale of the equipment by Respondent and Respondent's broker, thereby creating an issue to be submitted to the jury."

---

[1] No claim is made here, and none was made at the trial, that damages for fraud allegedly sustained by the Gilberts may be recouped or set off against Leggett because he sues as third-party beneficiary of the contract allegedly induced by Mid-South's fraud; hence, we do not reach this question.

The point intended to be raised by this exception is not clear. The brief states that it (and the third exception) is supported by basically the same argument as that relating to the first exception. To the extent that this is so, the exception is without merit because, for the reasons already stated, there was no sale to the Gilberts by Leggett or by Leggett's broker.

The brief also states that the laundry equipment was in defective condition and that delinquent taxes were due on it at the time of the sale; hence, "(i)t is the position of the Gilberts that Mid-South and Leggett breached warranties both express and implied as shown by the evidence in the record and that the question of this breach by Mid-South and Leggett should have been submitted to the jury." Again, the argument fails because Leggett did not sell to the Gilberts, and no claim has been made that, as third-party beneficiary of the contract between Mid-South and the Gilberts, he is affected by any defense good against the former.

Furthermore, the Gilberts' counterclaim contains no allegations respecting the condition of the equipment or any taxes due thereon; nor was the claimed breach of warranty as to condition suggested to the trial judge as a reason for refusing Leggett's motion for a directed verdict.

"3. The Trial Judge erred in directing a verdict against Appellants for the reason that neither the Respondents nor Respondent's broker were capable of conveying unencumbered title or interest in and to the subject equipment to the Appellants since title remained in Falco, a third party not consenting to a sale contrary to Section 11 of the Falco lease to Anderson Neorgetown, Inc. . . ."

This exception is without merit. The Gilberts knew that legal title to the equipment was in Falco when they purchased the business from Mid-South and expressly assumed payment of the balance due under the Falco lease. Furthermore, the only defect in the title to the equipment which was either alleged in the counterclaim or

suggested to the trial judge in opposition to the motion for a directed verdict was that Norgetown had not joined Leggett in the execution of the bill of sale to Mid-South. The point sought to be raised by this exception, not having been raised or passed upon in the trial court is not properly before us.

"4. The Trial Judge erred in ordering a judgment of Thirty One Thousand Nine Hundred Sixty and 13/100 ($31,960.13) Dollars against the Appellants for the reason that said sum including Five Thousand and No/100 ($5,-000.00) Dollars attorney fees due by the Respondent to Falco, a third party, and therefore no contractual agreement between the Respondents and Appellants existed for attorney fees."

By the terms of the lease, Falco was entitled to reasonable attorney's fees against Leggett, and was awarded $5,000.00 in addition to the balance due on the lease of $26,950.00. Leggett's motion was for the direction of a verdict in his favor against the Gilberts in the amount of the judgment recovered against him by Falco, or $31,950.00. The motion was opposed by counsel for the Gilberts upon the ground that jury issues were raised by the evidence as to fraud and breach of warranty. However, no challenge to the amount of recovery sought, or to the inclusion therein of the allowance against Leggett for attorneys' fee, was made or suggested in the trial court either before or after the motion was granted. Hence, the point sought to be raised by this exception is not properly before us.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.